United States District Court
Southern District of Texas

**ENTERED**
November 05, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| STEVEN ARTHUR BLACK, (TDCJ #02557790), | § § § | |
| Plaintiff, | § § § | |
| vs. | § § § | CIVIL ACTION NO. H-25-4002 |
| DALTON LEE, *et al.*, | § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Steven Arthur Black, (TDCJ #02557790), is an inmate at the Terrell Unit of the Texas Department of Criminal Justice–Correctional Institutions Division. Representing himself, he filed what appears to be an amended complaint seeking relief in a civil-rights action under 42 U.S.C. § 1983. (Docket Entry No. 13). Because Black is a prisoner seeking relief against the government, the court is required to closely examine his claims and dismiss the complaint, in whole or in part, if it determines that it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). After reviewing Black's filings, the court dismisses this action without prejudice. The reasons are explained below.

I.      **Background**

Publicly available records show that Black is serving a 25-year prison sentence in the Texas Department of Criminal Justice–Correctional Institutions Division on state-court convictions for obstruction or retaliation and evading arrest or detention with a vehicle, and a concurrent 5-year sentence for unlawful possession of a firearm by a felon. *See* Inmate Search, www.inmate.tdcj.texas.gov (visited Oct. 30, 2025).

In August 2025, an individual named Jeannette Black filed what purported to be a prisoner's civil-rights action under 42 U.S.C. § 1983 on behalf of Steven Arthur Black. (Docket Entry No. 1). Jeannette Black also filed a "Motion to Stay Proceedings," a "Motion to Accept Placeholder Complaint and for Extension of Time to File Original Complaint," and supplemental exhibits. (Docket Entry Nos. 2, 3, 4). None of these documents were signed by either Jeannette Black or Steven Arthur Black.

After an initial review, the court struck the unsigned pleadings. (Docket Entry No. 11). The court found that the unsigned complaint improperly mixed civil-rights claims with claims that may be raised only in a habeas corpus action. (*Id.* at 4). The court also found that Jeannette Black was neither an attorney authorized to represent Steven Arthur Black nor a layperson authorized to file pleadings on his behalf. (*Id.* at 3). The court granted Steven Arthur Black leave to file an amended complaint that complied with the applicable statutes and the Rules of Civil Procedure. (*Id.* at 4).

On October 6, 2025, Steven Arthur Black filed a signed amended complaint. (Docket Entry No. 13). The amended complaint makes the following allegations arising out of an incident on August 26, 2023:

1. Officer Dalton Lee of the Lavaca County Sheriff's Office detained Black without probable cause and filed a fabricated report that Black was shooting at police officers.

2. Lieutenant Joshua Jones of the Fayette County Sheriff's Office falsified a probable cause affidavit.

3. Officer Steven Krhovjak failed to follow chain-of-custody protocols for a rifle that was used as evidence against Black at trial.

4. The City of Weimar failed to conduct a proper background check on Officer Lee, which would have uncovered information that Lee had been discharged from the Army for depression, suicidal thoughts, and failing to report for duty, which Black contends made Lee unfit to be an officer.

5. Colorado County maintains policies and procedures of inadequate hiring and training, that resulted in Black's arrest without probable cause.

6. District Attorney Jay Johannes prosecuted criminal charges against Black without probable cause and failed to disclose Officer Lee's mental health background in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

(Docket Entry No. 13, pp. 2, 4-7).

In a separate document entitled "Supplemental Structural Errors Page," Black alleges that the trial court denied his motion to suppress without making findings of fact, that the jury was misled by false statements about whether Black would be eligible for parole, that the jury was given incorrect instructions about the sentencing range, and that the prosecutor made improper statements during closing arguments. (Docket Entry No. 15).

In addition to these documents, Black filed a "status report" stating that the direct appeal of his state-court convictions is currently pending. (Docket Entry No. 19). He asks this court to stay this federal case pending resolution of his direct appeal. (*Id.*). He has also filed a notice asking the court to defer service of process pending the resolution of that appeal. (Docket Entry No. 20).

Despite the court's ruling that Jeannette Black is not authorized to either represent Steven Arthur Black or serve as a next friend, she has continued to file notices, purportedly on his behalf. (Docket Entry Nos. 16, 17, 18). She asserts that her involvement is necessary because

"communications and mailing times" are often delayed through the prison mail system.  (Docket

Entry No. 16).  She states that her involvement will "ensure timely and accurate delivery of

[Black's] *pro se* submissions under the *Houston v. Lack* prison-mailbox rule."  (*Id.*).

## II.    The Legal Standards

### A.    Actions Under 42 U.S.C. § 1983

Black's amended complaint appears to be seeking relief under 42 U.S.C. § 1983.  "Section

1983 does not create any substantive rights, but instead was designed to provide a remedy for

violations of statutory and constitutional rights."  *Lafleur v. Texas Dep't of Health*, 126 F.3d 758,

759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).  To

state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the

Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was

committed by a person acting under color of state law.  *See West v. Atkins,* 487 U.S. 42, 48 (1988);

*Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam).  The first element recognizes

that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show

deprivation of a federal right."  *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam).

The second element, which requires action "under color of state law," means that generally only

*state* actors—not private parties—can be liable for violations of civil rights.  *See Frazier v. Bd. of*

*Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985).  When the facts alleged by

the plaintiff, taken as true, do not show a violation of a constitutional right by a state actor, the

complaint is properly dismissed for failure to state a claim.  *See, e.g., Samford v. Dretke*, 562 F.3d

674, 678 (5th Cir. 2009) (per curiam); *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 421 (5th Cir.

2006).

B.    **The Prison Litigation Reform Act**

Because Black is a prisoner, his action is subject to the provisions of the Prison Litigation Reform Act ("PLRA"), which was "designed to filter out the bad claims filed by prisoners and facilitate consideration of the good." *Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (quoting *Jones v. Bock*, 549 U.S. 199, 202–03 (2007)) (cleaned up). To accomplish this, the PLRA requires federal district courts to screen prisoner complaints and dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See Crawford-El v. Britton*, 523 U.S. 574, 596–97 (1998); *see also* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 31–32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In reviewing the complaint, the court must construe all allegations "liberally in favor of the plaintiff" and must consider whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d

5

141, 147 (5th Cir. 2009) (cleaned up).  If the complaint does not state a claim for relief, it may be dismissed, even before service on the defendants.  *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### C.    Pleadings from Self-Represented Litigants

Steven Arthur Black is representing himself.  Courts construe pleadings filed by self-represented litigants under a less stringent standard of review.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But even under this liberal standard, self-represented litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).  They must also "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal."  *Id.* (cleaned up).

## III.    Discussion

### A.    Black's Municipal Liability Claims Fail to State a Claim for Relief

Black alleges that the City of Weimar is liable to him because it failed to run a proper background check on Officer Lee.  He also alleges that Colorado County is liable for failing to properly hire and train its employees.  These allegations are not sufficient to state a claim for municipal liability.

Under § 1983, municipalities are not liable for the unconstitutional actions of their employees under the doctrine of *respondeat superior*.  *See Monell v. Dep't of Social Servs.*, 436

U.S. 658, 691 (1978).  Instead, a plaintiff seeking relief against a municipal defendant, such as a city or county, must establish that the allegedly unconstitutional conduct is "directly attributable to the municipality through some sort of official action or imprimatur."  *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

To state a claim for municipal liability for failing to train or supervise, the plaintiff must allege facts showing that: "(1) the city failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights."  *Hutcheson v. Dallas County, Tex.*, 994 F.3d 477, 482 (5th Cir. 2021).  To show deliberate indifference, the plaintiff must allege facts showing that city or county policymakers made "a deliberate choice to follow a course of action . . . from among various alternatives."  *City of Canton, Ohio v. Harris,* 489 U.S. 378, 389 (1989) (cleaned up).  "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality . . . can a city be liable for such a failure under § 1983."  *Id*.  This generally requires the plaintiff to show "a pattern of similar constitutional violations by untrained employees," which would show that the municipality had notice that its training was inadequate but failed to respond to the issue.  *See Porter v. Epps*, 659 F.3d 440, 446–47 (5th Cir. 2011).

To state a claim for municipal liability based on decisions about hiring and retention, the plaintiff must allege facts showing that the city or county was deliberately indifferent to the known or obvious consequences of its hiring or retention decisions.  *See Gomez*, 18 F.4th at 777–78.  To show deliberate indifference in this context, the plaintiff must allege facts showing that "adequate scrutiny of an applicant's background would lead a reasonable supervisor to conclude that the plainly obvious consequences of the decision to hire would be the deprivation of a third party's

constitutional rights." *Id.* at 778 (quoting *Gros v. City of Grand Prairie, Tex.*, 209 F.3d 431, 433–34 (5th Cir. 2000)). The connection between the background of the individual and the specific violation alleged must be strong, and the plaintiff "must show that the hired officer was highly likely to inflict the particular type of injury [he] suffered." *Gros*, 209 F.3d at 434; *see also Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 412 (1997).

Black's only allegation against Colorado County is that it "maintained policies, customs, and practices of inadequate hiring, training, and supervision that allowed these constitutional violations to occur." (Docket Entry No. 13, p. 7). The amended complaint does not allege facts that would show that the County failed to train its police officers on proper arrest procedures or that there is a causal connection between any alleged failure to train and his own arrest. He alleges no facts showing a pattern of similar constitutional violations by untrained officers sufficient to put County officials on notice of the alleged need for more or different training or that the County had such notice and ignored it. In the absence of these factual allegations, Black's amended complaint fails to state a claim for municipal liability against Colorado County.

As to the City of Weimar, Black alleges that it "failed to conduct an adequate background check on Lee." (Docket Entry No. 13, p. 6). Black alleges that an adequate background check would have revealed that Lee was discharged from the Army for "AWOL incidents" and for a documented history of depression and suicidal thoughts. (*Id.*). But Black does not plead facts that could show a connection between Lee's alleged depression and suicidal thoughts at some time in the past and his alleged detention of Black without probable cause. In short, any connection between Officer Lee's mental health background and the specific violation Black alleges is not sufficiently strong to show that Officer Lee was "highly likely to inflict the particular type of injury

8

[Black] suffered." Black's claim for municipal liability against the City of Weimar fails to state a claim upon which relief can be granted.

The court recognizes that because Black is a self-represented litigant, his pleadings should be construed leniently. *See Haines*, 404 U.S. at 520. But while a self-represented litigant is held to less stringent standards than an attorney, he must still allege sufficient facts to state a plausible claim. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Toole v. Peak*, 361 F. App'x 621, 621 (5th Cir. 2010) (per curiam). Black's status as a self-represented litigant does not excuse his failure to allege sufficient facts to state a claim for municipal liability against either Colorado County or the City of Weimar.

Because Black's amended complaint fails to allege facts that would support a claim for municipal liability, his claims against the City of Weimar and Colorado County are dismissed, with prejudice because Black has already amended his complaint once and further amendment would be futile.

### B.    Black's Remaining Claims are not Properly Before the Court

As the court explained in its order striking the initial complaint, federal law provides two distinct avenues for relief for claims of unconstitutional treatment at the hands of state officials: a petition for a writ of habeas corpus seeking release from custody, and a civil-rights action seeking equitable or monetary relief. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam); *see also Heck v. Humphrey*, 512 U.S. 477, 480 (1994). Both types of proceedings "provide a federal forum for claims of unconstitutional treatment at the hands of state officials, but they differ in their scope and operation." *Heck*, 512 U.S. at 480. Habeas corpus petitions challenge the validity of a conviction or sentence and are "the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Id.* at 481 (citing

*Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).  Civil-rights actions are appropriate when a plaintiff seeks money damages for an alleged violation of constitutional rights by a government official acting within the scope of his employment.  42 U.S.C. § 1983.

Black's amended complaint and separate "structural errors" filing appear to allege claims for unlawful detention and arrest, malicious prosecution, false affidavits, false testimony, fabricated evidence, mishandling of evidence, *Brady* violations, improper trial-court rulings, incorrect jury instructions, and prosecutorial misconduct.  (Docket Entry Nos. 13, 15).  He seeks both compensatory and punitive damages and a declaration that his rights were violated.

### 1.    The Claims of Unlawful Detention and Arrest and Malicious Prosecution are Barred by *Heck v. Humphrey*.

Black's claims based on allegations of unlawful detention and arrest and malicious prosecution are properly raised in a § 1983 action.  But when a successful civil-rights action would necessarily imply that the plaintiff's conviction is invalid, the plaintiff's claims must be dismissed unless and until the plaintiff demonstrates that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *See Heck*, 512 U.S. at 486–87.  A plaintiff does so by achieving "favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence."  *Muhammad*, 540 U.S. at 751.

In *Heck*, the Supreme Court noted that claims for false arrest, false imprisonment, and malicious prosecution involve "issues of probable cause and guilt," that can be addressed in the criminal proceedings.  *Heck*, 512 U.S. at 484.  Because of this, a plaintiff must show the favorable termination of the criminal charges against him before he can bring civil-rights claims arising out of his arrest, prosecution, and imprisonment to "avoid parallel litigation over the issues of probable

10

cause and guilt" and to prevent a plaintiff from succeeding in a constitutional tort action after having been convicted in the underlying criminal prosecution, "in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Id.* (quoting S. Speiser, C. Krause, & A. Gans, *American Law of Torts* § 28:5, p. 24 (1991)) (cleaned up).

In addition, the Fifth Circuit has held that "a plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008) (quoting *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006)). Under this reasoning, *Heck* will bar a claim for an alleged violation of a plaintiff's constitutional rights if that "violation arose from the *same facts attendant to the charge for which he was convicted*." *Id.* at 497 (quoting *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006)) (emphasis added). This includes claims that police officers subjected the plaintiff to an unlawful arrest or an unlawful, illegal, or excessive detention. *See Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("[The plaintiff's] proof to establish his false arrest claim, *i.e.*, that there was no probable cause to arrest would demonstrate the invalidity of [the conviction]."); *Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (per curiam) (false arrest claims, by their nature, "challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity" (quoting *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 F. App'x 578, 583 (5th Cir. 2012) (per curiam)); *Thomas v. La. Dep't of Soc. Servs.,* 406 F. App'x 890, 898 (5th Cir. 2010) (per curiam) (permitting a false arrest claim to proceed "would necessarily require the district court to re-evaluate the lawfulness of [the] arrest and criminal conviction"). It also includes claims of malicious prosecution. *See, e.g., Heck*, 512 U.S. at 484 (one element to be proved in a malicious

prosecution claim is termination of the prior criminal proceeding in the plaintiff's favor); *Cormier*, 493 F. App'x at 583 (*Heck* bars actions for malicious prosecution).

Black was convicted of criminal charges arising from the arrest and prosecution that he now alleges were constitutional violations. His claims for unlawful arrest and detention and for malicious prosecution arise from the same facts underlying those convictions. If Black were to prevail on these claims, it would necessarily imply that his convictions and sentences were invalid. *Heck* therefore bars these claims until such time as Black's convictions and sentences are reversed on appeal or otherwise terminated in his favor. His claims for unlawful arrest and detention and for malicious prosecution are dismissed without prejudice under *Heck*.

### 2. The Remaining Claims are Improperly Raised in a Civil-Rights Action.

Black's claims based on false affidavits, false testimony, fabricated evidence, mishandling of evidence, *Brady* violations, improper trial-court rulings, incorrect jury instructions, and prosecutorial misconduct challenge the validity of his state-court conviction and sentence. But "[a] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser*, 411 U.S. at 489). Claims that challenge the fact or duration of confinement, including claims for false and fabricated evidence and *Brady* violations, must be pursued through a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* Because these claims are improperly raised in this civil-rights action, they are dismissed without prejudice to Black raising them in a petition for writ of habeas corpus filed under § 2254.

There are significant procedural hurdles that must be overcome before Black—or any habeas petitioner—can obtain federal habeas review under § 2254. Before seeking federal habeas review, a petitioner must exhaust all available state-court remedies. *See* 28 U.S.C. § 2254(b).

Unless a statutory or equitable exception applies, a petitioner challenging a state-court judgment has only one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for such review" to seek federal habeas review. 28 U.S.C. § 2244(d)(1)(A). But the time during which a properly filed application for state postconviction review is pending "shall not be counted" toward the limitations period. 28 U.S.C. § 2244(d)(2). In addition, the rules governing federal habeas review generally limit a petitioner to one federal habeas petition, and they prohibit a petitioner from raising additional claims in the future in a second or successive habeas petition. *See* 28 U.S.C. § 2244(b).

Because of these procedural limitations, courts are required to give a petitioner notice and warn him of the consequences of filing a premature or partial federal habeas petition. *See Castro v. United States*, 540 U.S. 375, 382 (2003); *see also Hopes v. Davis*, 761 F. App'x 307, 309 & n.1 (5th Cir. 2019) (per curiam) (the *Castro* notice rules apply to petitions under both § 2254 and § 2255). The court provides this notice to Steven Arthur Black so that he may consider how and when to pursue any of his claims when his state-court proceedings are complete.

### C.     The Filings by Jeannette Black are Unauthorized

This court previously ruled that Jeannette Black may not represent Steven Arthur Black because she is not a licensed attorney and that she does not qualify as a next friend because Steven Arthur Black is neither a minor nor incompetent. (Docket Entry No. 12). Despite this, Jeannette Black has continued to file "notices" with the court, which purport to explain what actions she and Steven Arthur Black wish the court to take and to ensure that "the Court is aware of our intent." (Docket Entry Nos. 16, 17, 18). These notices and other filings are unauthorized, and they do not assist the court.

Steven Arthur Black is further advised that whether the pleadings filed on his behalf by Jeannette Black are timely is not governed by the prison mailbox rule. Under that rule, documents mailed by self-represented prison inmates are considered filed with the Clerk of Court on the date the prisoner places them in the prison mail system for mailing to the Clerk of Court. *See Houston v. Lack*, 487 U.S. 266, 275 (1988). But if a prisoner does not use the prison mail system and instead has an outside intermediary submit pleadings on his behalf, the prison mailbox rule does not apply. *See Dison v. Whitley*, 20 F.3d 185, 187 (5th Cir. 1994) (a prisoner's use of an unknown agent to file his documents with the court does not trigger the prison mailbox rule); *see also Cousin v. Lensing*, 310 F.3d 843, 847 & n.2 (5th Cir. 2002) (the prison mailbox rule does not extend to documents filed on a prisoner's behalf by a "non-attorney intermediary"); *Gray v. Thaler*, No. 3:09-cv-0304, 2009 WL 3614458, at *3 (N.D. Tex. Oct. 30, 2009) (the prison mailbox rule does not apply to pleadings submitted by a friend or family member on a prisoner's behalf). The requirement that the prisoner use the prison mail system to be entitled to the benefit of the prison mailbox rule applies to both civil-rights cases and habeas corpus proceedings. *See, e.g.,* Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule."). Filings with the court made by Jeannette Black do not fall under the prison mailbox rule, and their timeliness is based on the Clerk's date stamp.

## IV.    Conclusion

1.  Steven Arthur Black's municipal liability claims against the City of Weimar and Colorado County, (Docket Entry No. 13), are dismissed with prejudice under 28 U.S.C. § 1915A for failing to state a claim.

2.  Black's claims for unlawful arrest and detention and for malicious prosecution, (Docket Entry No. 13), are dismissed without prejudice as premature under *Heck v. Humphrey,* 512 U.S. 477 (1994).  Black may move to reopen this action to pursue these claims within **thirty (30) days** after all pending state criminal proceedings against him, including any appeals, are finally resolved in his favor.

3.  Black's claims challenging the validity of his state-court conviction and sentence, (Docket Entry No. 15, ¶¶ 1, 5, 6, 7), are dismissed without prejudice as improperly raised in a § 1983 action.  If Black wishes to pursue these claims, he must file a separate action under 28 U.S.C. § 2254 after he has exhausted his available state-court remedies.

4.  All pending motions are denied as moot.

5.  An order of dismissal will be separately entered.

SIGNED on November 5, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

15